UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KIM LEE SYKES,

Plaintiff,

v.

JANET RENO; KATHLEEN HAWK; MICHAEL ISSACSON, Unit Manager; J.W. TIPPY; DEANNA HILLER, Case Manager; JENNIFER FULTZ, Warden; R.L. STIFF, Warden; G.L. HERSHBERGER, Regional Director, BOP; WENDY ROAL, Administrator, National Inmate Systems Appeal, BOP,

Defendants.

Civ. No. 00-80 (DWF/JMM)

REPORT AND RECOMMENDATION

On October 28, 1998, Plaintiff filed a Complaint against Defendants pursuant to 42 U.S.C. § 1983 in the United States District Court, District of Columbia [Docket No. 1]. On November 22, 1999, this action was transferred to the District of Minnesota [Docket No. 44]. On February 25, 2000, Plaintiff filed a Request for Default Judgment [Docket No. 49].[1] For the reasons set forth herein, it is recommended that Plaintiff's Request for Default [Docket No. 49] be denied.

## FINDINGS OF FACT/REPORT

Defendant is not in default because it has filed a Motion to Dismiss or for Summary Judgment which has not been fully ruled upon. Plaintiff's Request for Default

---

1 Plaintiff has filed numerous other Motions and Requests, which this Court resolves today by separate Order.

FILED MAR 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Judgment [Docket No. 49] should be denied for this reason, as demonstrated by the following procedural history.

**Procedural History**

On October 28, 1998, Plaintiff commenced this civil rights action in the United States District Court for the District of Columbia against Defendants pursuant to 42 U.S.C. 1983 [Docket No. 1]. On March 11, 1999, Plaintiff filed a Motion to Amend and Supplicate the Complaint by adding Defendants Deanna Hiller, Case Manager, FCI-Waseca; Jennifer Fultz, Warden, Bureau of Prisons; R.L Stiff, Warden, FCI-Waseca; G.L. Hershberger, Regional Director, BOP; and Wendy Roal, Administrator, National Inmate Appeals [Docket No. 13].

On April 13, 1999, the District Court issued an Order granting Plaintiff's Motion to Amend and Supplicate the Complaint and extending the deadline for Defendants to respond to Plaintiff's Complaint. The District Court also Ordered the Clerk of Court to issue a summons with a copy of the Amended Complaint to allow the United States Marshal to effectuate service upon the new Defendants [Docket No. 20].

On June 11, 1999, Defendants filed a Motion for an Extension of Time to Answer the Amended Complaint [Docket No. 29]. Defendants sought this extension because Plaintiff's Amended Complaint added additional parties and claims, and because counsel for Defendants recently learned that an Amended Complaint was filed. On June 16, 1999, the District Court granted Defendants' Motion and allowed Defendants until July 8, 1999 to respond to the Amended Complaint [Docket No. 37]. On July 8, 1999, Defendants filed another Motion seeking a brief extension of time to respond to the

Complaint [Docket No. 39]. This Motion was granted, nunc pro tunc, and Defendants were given until July 12, 1999 to submit their Response [Docket No. 42]. On July 12, 1999, Defendants timely filed a Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment [Docket No. 40]. Plaintiff filed a Response to Defendants' Motion on July 30, 1999 [Docket No. 41].

On November 22, 1999, the District Court issued an Order transferring this case to the United States District Court, District of Minnesota [Docket No. 44]. In doing so, the District Court noted in its November 22, 1999 Order that the action could be dismissed by reason of improper venue, but concluded that the better course would be to transfer the action to the District of Minnesota. That Order thus left open for consideration other substantive grounds upon which it was urged that the Complaint should be dismissed. The denial of the Motion to Dismiss was thus without prejudice.

On April 13, 1999, Plaintiff made his second Motion to Amend his Complaint. As earlier observed, on that same date the District Court granted Plaintiff's first Motion to Amend his Complaint. Plaintiff's second Motion to amend has not yet been ruled upon.[2] By Separate Order, we are today granting that Motion, and establishing a process by which the Defendants may submit their dispositive Motion in response to what we will denominate as the Second Amended Complaint, while preserving to Plaintiff the opportunity to respond to that anticipated Motion.

---

2 A number of other Motions filed by Plaintiff are also resolved by that Order.

## Discussion

Plaintiff requests that the Clerk of Court enter default judgment against Defendants in the sum of "$20,000,000.00 (Twenty Million Dollars) or the equivalent sum stated in official bond, plus interest at the rate of 12% and costs" pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff argues that Defendants have been served with a copy of the summons and Complaint, and have failed to plead or otherwise defend the action as provided by Rules 55(a) and 56 of the Federal Rules of Civil Procedure. In particular, Plaintiff claims that Defendants have failed to respond to his allegations of misrepresentation, misinterpretation, fraud, to the issues of Title 18 U.S.C. § 3572(d)(2), to the issue of asbestos, to the issue of "U.S. Const. Amend. Art. I, Sect. 10" and to "issue of Congressional intent of Title 18 U.S.C. § 3752(d)(2) ie H.R. Rep. No. 390, 100th Cong., 1st Sess."

Plaintiff's claim that Defendants have failed to respond to his allegations is not correct. Defendants timely responded to Plaintiff's Complaint by filing a Motion to Dismiss or in the Alternative, for Summary Judgment [Docket No. 40]. The District Court for the District of Columbia transferred the case to this District without addressing Defendants' arguments on the merits. The Court will establish a briefing schedule to resolve those arguments. Thus, Plaintiff has not shown that Defendants have "failed to plead or otherwise defend" pursuant to Rule 55(a) of the Federal Rules of Civil Procedure 55(a). Plaintiff's Request for Default Judgment [Docket No. 49] should be denied.

**RECOMMENDATION**

Based upon all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED that Plaintiff's Request for Default Judgment [Docket No. 49] be denied.

Dated: March 14, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by **March 31, 2000**, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.