**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kim Lee Sykes,

Civil No. 00-80 (DWF/JMM)

Plaintiff,

v.

**ORDER**

Janet Reno; Kathleen Hawk, sued as Kathleen Hawk Sawyer; Michael Issacson, Unit Manager; J.W. Tippy; Deanna Hiller, Case Manager, Federal Correctional Institution; Jennifer Fultz, Warden, Correctional Institute, Bureau of Prisons; R.L. Stiff, Warden, Correctional Institute, Bureau of Prisons; G.L. Hershberger, Regional Director, Bureau of Prisons; and Wendy Roal, sued as Wendy J. Roal, Administrator National Inmate Appeal, Bureau of Prisons,

Defendants.

This matter is before the Court upon Plaintiff's objections to United States Magistrate Judge John M. Mason's Report and Recommendation dated March 14, 2000, recommending that Plaintiff's request for default judgment be denied.

The Court has conducted a *de novo* review of the record, 28 U.S.C. § 636(b)(1); Local Rule 72.1(c), including reviewing Plaintiff's objections to Magistrate Judge Mason's Report and Recommendation, as well as reviewing two orders of the Honorable Henry H. Kenney, Jr., United States District Judge for the District of Columbia, those orders being dated April 13 and November 22, 1999.

Based upon all submissions made to the Court, including the *de novo* review of this Court of the record and contents of the Court's file in this matter and Plaintiff's objections to the Report and

FILED APR 21 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

Recommendation, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge John M. Mason's Report and Recommendation dated March 14, 2000 (Doc. No. 51), is **ADOPTED**.

2. The Plaintiff's motion and request for default judgment (Doc. No. 49) is **DENIED**.

Dated: April 21, 2000

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The Court agrees with Plaintiff Kim Lee Sykes that another sitting United States District Judge or a United States Magistrate Judge cannot act as an appellate court with respect to an order for another district of the United States or otherwise countermand or ignore another Judge's order except in very rare circumstances. Such a rare circumstance is admittedly not before this Court and was not before United States Magistrate Judge John M. Mason.

It is this Court's view that after a careful review of both orders of Judge Kennedy, namely the orders of April 13 and November 22, 1999, that Magistrate Judge Mason's Report and Recommendation does not countermand, ignore, or otherwise modify Judge Kennedy's order. It is common practice across the United States, and consistent with the Federal Rules of Civil Procedure, for a judge to transfer venue of a case to another district rather than rule on motions for summary judgment and motions to dismiss. That is accomplished consistent with the rules by ruling on the change of venue and then denying the motion for dismissal or, alternatively, for summary judgment.

That is precisely what Judge Kennedy did in his order of November 22, 1999. In fact, the language at page 3 of the memorandum and transfer order of November 22, 1999, states in pertinent part as follows: "Rather than dismiss the case, however, the Court finds it in the interest of justice to transfer it to the judicial district where plaintiff is confined." To accomplish that transfer, Judge Kennedy then denied the motion to dismiss or, in the alternative, for summary judgment and then transferred the case to the United States District Court for the District of Minnesota.

Moreover, having reviewed the order of April 13, 1999, as well, no action has been taken thus far in the case by the District of Minnesota that has the effect, directly or indirectly, of vacating or countermanding, as the Plaintiff has suggested, Judge Kennedy's order. The case is procedurally at a different point in time and must be dealt with accordingly by all parties, including the Court.

For the reasons stated, the Court has adopted the Report and Recommendation of United States Magistrate Judge John M. Mason dated March 14, 2000.

D.W.F.